Jie Li, Esq. (SBN 354432)
GLACIER LAW LLP
251 South Lake Avenue, Suite 910
Pasadena, CA 91101
Telephone: (626) 750-0040
Email: jie.li@glacier.law

Tao Liu, Esq. (pro hac vice forthcoming)
GLACIER LAW LLP
41 Madison Avenue, Suite 2529
New York, NY 10010
Telephone: (212) 937-9999
Email: tao.liu@glacier.law

Attorneys for Plaintiff
Shenzhen Chenying Technology Co., Ltd.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHENZHEN CHENYING TECHNOLOGY CO., LTD. d/b/a CHEN YING KE JI,<br><br>Plaintiff,<br><br>vs.<br><br>APPLE INC.,<br><br>Defendant. | **Case No.: 5:26-cv-5485**<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Shenzhen Chenying Technology Co., Ltd. d/b/a Chen Ying Ke Ji ("Chenying" or "Plaintiff"), by and through its undersigned counsel, brings this action for declaratory judgment against Defendant Apple Inc. ("Apple") and alleges as follows:

## NATURE OF THE ACTION

1.    This is an action for declaratory relief arising from Apple's assertion of U.S. Design Patent No. D684,539 (the "D'539 patent") against Chenying's Amazon listings for portable charger and power bank products with built-in cables.

2.    Apple's assertion reached Chenying not through a detailed infringement analysis but through an Amazon enforcement notice. The notice did not include a claim chart, an element-by-element comparison, or any technical explanation of how Chenying's products supposedly embody the claimed ornamental design. It asserted only that Chenying's listed products infringe Apple's "registered design (Lightning Connector Head - 684539)," and it caused those products to face removal from Amazon's marketplace.

3.    Apple's accusation has placed Chenying in an immediate and untenable position. Unless Chenying obtains relief or Apple withdraws its complaint, Chenying's listings face removal, its Amazon account health is impaired, and its ability to sell the accused products in the United States is jeopardized.

4.    The D'539 patent claims only "[t]he ornamental design for a connector, as shown and described." By its own terms, the patent disclaims broad coverage: it states that the broken-line portions of the figures "form no part of the claimed design," and that the shade lines show contour, "not surface ornamentation."

5.    Apple's assertion is overbroad. To the extent Apple contends that Chenying infringes merely because its products incorporate a Lightning-compatible connector head, Apple is attempting to convert a narrow design patent into control over functional connector geometry—a thin plug profile, contact positioning, orientation-compatible insertion, retention-related side features, and the interface features a connector must have to perform as a connector.

PAGE 2 OF 14

COMPLAINT FOR DECLARATORY
JUDGMENT
Case No.: 5:26-cv-5485

6. Apple's own patent record confirms the point. The face of the D'539 patent and its prosecution history identify a family of related Apple utility applications directed to, among other things, a "Dual Orientation Electronic Connector," a "Connector Architecture and Insertion Profile," a "Retention Mechanism Device," "Techniques for Configuring Contacts of a Connector," "Plug Connector Modules," and "Connectors and Methods for Manufacturing Connectors." Those filings show that the very connector-head features Apple now asserts as a protected "design" are functional, utilitarian connector architecture that Apple itself pursued through the utility-patent system.

7. Chenying therefore seeks a declaration that it does not infringe the D'539 patent, and that the D'539 patent is invalid or its scope is correspondingly narrow because the asserted design is dictated by, or at minimum dominated by, functional considerations rather than protectable ornamentation.

## PARTIES

8. Plaintiff Shenzhen Chenying Technology Co., Ltd. is a company identified in materials provided to Plaintiff's counsel as operating the Amazon store "Chen Ying Ke Ji." Chenying brings this action under the name Shenzhen Chenying Technology Co., Ltd. d/b/a Chen Ying Ke Ji.

9. Defendant Apple Inc. is identified on the face of the D'539 patent as the assignee of that patent, listing Apple Inc. of Cupertino, California.

## JURISDICTION AND VENUE

10. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States.

PAGE 3 OF 14

COMPLAINT FOR DECLARATORY
JUDGMENT
Case No.: 5:26-cv-5485

11.　　This Court has jurisdiction to grant declaratory relief under 28 U.S.C. §§ 2201 and 2202 because an actual, immediate, and concrete controversy exists between Chenying and Apple concerning the infringement and validity of the D'539 patent.

12.　　The controversy is real and ripe. Apple has accused Chenying's identified Amazon listings of infringing the D'539 patent; Amazon has warned Chenying that the accused listings face removal; and Chenying seeks to continue selling its products free of the cloud cast by Apple's asserted design-patent rights.

13.　　This Court has personal jurisdiction over Apple because Apple is identified on the face of the asserted D'539 patent as Apple Inc. of Cupertino, California, and because Apple has asserted the D'539 patent against products offered for sale into and through the United States marketplace.

14.　　Venue is proper in this District because Apple is identified on the face of the D'539 patent as located in Cupertino, California, which lies within this District, and because this action concerns Apple's assertion of the D'539 patent.

### DIVISIONAL ASSIGNMENT

15.　　Assignment to the San Jose Division is proper under Civil L.R. 3-2(c) and 3-2(e) because Apple Inc. resides and maintains its principal place of business in Cupertino, Santa Clara County, California, and this action concerns Apple's assertion of the D'539 patent.

### THE ASSERTED PATENT

16.　　The D'539 patent is titled "Connector." It issued on June 18, 2013 from U.S. Design Patent Application No. 29/426,587, filed July 6, 2012. A true and correct copy of the D'539 patent is attached hereto as Exhibit A.

17.　　The D'539 patent identifies Apple Inc. as the assignee.

PAGE 4 OF 14

COMPLAINT FOR DECLARATORY
JUDGMENT
Case No.: 5:26-cv-5485

18. The D'539 patent contains a single claim: "The ornamental design for a connector, as shown and described."

19. The D'539 patent's description states that Figures 1-8 depict the claimed connector design.

20. The D'539 patent expressly limits the claim, stating: "The broken lines in the figures show portions of the connector which form no part of the claimed design."

21. The D'539 patent further states: "The shade lines in the figures show contour and not surface ornamentation."

22. The solid-line subject matter of the D'539 patent is directed to the connector-head region, including a thin rounded-rectangular plug profile, a face and surface contact arrangement, and side contour features.

**THE PROSECUTION HISTORY**

23. The prosecution history for Application No. 29/426,587 includes a January 25, 2013 preliminary amendment in which the applicants cancelled original Figures 1-24 and 33-144 and replaced them with new Figures 1-8, which were the originally filed Figures 25-32. Relevant excerpts of the prosecution history of the D'539 patent are attached hereto as Exhibit B.

24. The January 25, 2013 amendment left a single claim pending and amended the specification to match the reduced figure set.

25. The prosecution history reviewed by Chenying does not reflect any substantive rejection under 35 U.S.C. § 171 on the ground that the claimed connector design was functional rather than ornamental.

26. Nor does the prosecution history reviewed by Chenying reflect any applicant response overcoming such a functionality rejection.

COMPLAINT FOR DECLARATORY
JUDGMENT
Case No.: 5:26-cv-5485

27.     The March 14, 2013 Notice of Allowability stated that the claim was allowed and that the drawings filed January 25, 2013 were accepted.

28.     The examiner's stated reasons for allowance addressed drawing interpretation. The examiner explained his understanding of certain broken-line and shade-and-contour-line aspects of the drawings, including the treatment of the side oval openings and the eight oval slots shown in the top and bottom views.

29.     On April 4, 2013, the applicants submitted remarks under 37 C.F.R. § 1.312. The applicants disagreed with the examiner's statement that the broken line inside the two oval openings at the sides represented unclaimed elements or features, and asserted instead that those lines were shade lines showing contour and not surface ornamentation.

30.     The prosecution history thus contains no reasoned Patent Office determination that the asserted solid-line connector-head features are ornamental rather than functional. It reflects, instead, a narrow allowance record focused on drawing scope, broken lines, and the interpretation of shade and contour lines.

## APPLE'S OWN RELATED UTILITY-PATENT RECORD

31.     The D'539 patent itself identifies numerous related Apple utility applications in its "Other Publications" listing.

32.     Those applications include, among others:

33.     U.S. Application No. 13/607,366, titled "Dual Orientation Electronic Connector," filed September 7, 2012, which issued as U.S. Patent No. 8,708,745. A true and correct copy of U.S. Patent No. 8,708,745 is attached hereto as Exhibit C.

PAGE 6 OF 14

COMPLAINT FOR DECLARATORY
JUDGMENT
Case No.: 5:26-cv-5485

34.     U.S. Application No. 13/607,462, titled "Connector Architecture and Insertion Profile," filed September 7, 2012, which issued as U.S. Patent No. 9,065,212. A true and correct copy of U.S. Patent No. 9,065,212 is attached hereto as Exhibit D.

35.     U.S. Application No. 13/607,497, titled "Retention Mechanism Device" in the D'539 patent record, filed September 7, 2012, which issued as U.S. Patent No. 9,011,161, titled "Retention Mechanism Device Having a Lubricating Member." A true and correct copy of U.S. Patent No. 9,011,161 is attached hereto as Exhibit E.

36.     U.S. Application No. 13/607,550, titled "Techniques for Configuring Contacts of a Connector," filed September 7, 2012, which issued as U.S. Patent No. 9,293,876. A true and correct copy of U.S. Patent No. 9,293,876 is attached hereto as Exhibit F.

37.     U.S. Application No. 13/607,566, titled "Plug Connector Modules," filed September 7, 2012, which issued as U.S. Patent No. 8,777,666. A true and correct copy of U.S. Patent No. 8,777,666 is attached hereto as Exhibit G.

38.     U.S. Application No. 13/610,631, titled "Connectors and Methods for Manufacturing Connectors," filed September 11, 2012.

39.     These Apple utility applications were submitted in the D'539 patent's prosecution record and were marked as considered in the Information Disclosure Statement materials.

40.     The face of each of the issued Apple utility patents identified in paragraphs 32 through 36 confirms that the connector-head features at issue serve identified utilitarian purposes, not arbitrary ornamentation.

41.     Apple's "Dual Orientation Electronic Connector" patent describes a connector tab with first and second major opposing sides carrying pluralities of electrical contacts, and states that "the connector tab is shaped to have 180 degree symmetry so that it can be inserted and

COMPLAINT FOR DECLARATORY
JUDGMENT
Case No.: 5:26-cv-5485

operatively coupled to a corresponding receptacle connector in either of two insertion orientations." The thin tab profile, the symmetry, and the placement of contacts on the major sides are thus described by Apple as serving the function of reversible insertion and electrical mating.

42.    Apple's "Connector Architecture and Insertion Profile" patent describes connector inserts and receptacles in which insertion of the insert into the receptacle may "follow a force profile" defined by "a substantially monotonically increasing resistance force from the beginning of insertion until an insertion peak is reached, followed by a click-through event leading to a final mating position," and may provide a tactile or audible response confirming proper insertion. Apple thus describes the insert geometry as serving the function of insertion and mating.

43.    Apple's "Retention Mechanism Device Having a Lubricating Member" patent describes "a pair of spring arm retention features of a receptacle engageable with a corresponding pair of recessed retention features of an insertable tab," for the purpose of "providing retention of a tab within a receptacle." Apple thus describes the side and retention-related features of the tab as serving the function of retaining the connector within a mating receptacle.

44.    Apple's "Techniques for Configuring Contacts of a Connector" patent describes detecting the mating of a second connector, "determin[ing] the orientation of the second connector," and configuring contacts based on that orientation. Apple thus describes the contact arrangement as serving the function of orientation detection and electrical configuration.

45.    Apple's "Plug Connector Modules" patent describes "a metal frame having a base portion, an insertion end and a cavity," in which "[t]he insertion end is configured to be inserted into a cavity of a corresponding receptacle connector," with pluralities of external contacts positioned in openings. Apple thus describes the plug body, its openings, and its contacts as serving the function of mating with a receptacle.

PAGE 8 OF 14

COMPLAINT FOR DECLARATORY
JUDGMENT
Case No.: 5:26-cv-5485

46.     Taken together, Apple's own utility-patent filings establish that the connector-head features Apple now asserts under the D'539 patent—the thin rounded-rectangular profile, the contact arrangement, the side and retention features, and the openings for electrical contact—are dictated by, or at minimum deeply intertwined with, the utilitarian requirements of a Lightning-compatible connector. Apple's assertion of the D'539 patent against Chenying's connector heads cannot be separated from this functional context that Apple itself documented.

## APPLE'S AMAZON COMPLAINT AGAINST CHENYING

47.     On information and belief, Apple, its authorized enforcement agent, or an entity acting on Apple's behalf submitted, or caused to be submitted, a complaint to Amazon accusing Chenying's products of infringing the D'539 patent.

48.     On or about June 5, 2026, Amazon issued a performance notification to the Amazon store "Chen Ying Ke Ji" stating that certain products faced a removal risk because of an allegation of unauthorized patent use. A true and correct copy of the Amazon performance notification is attached hereto as Exhibit H.

49.     The Amazon notice stated that Amazon had received a report from a rights owner alleging patent infringement.

50.     The notice identified the rights-owner contact information as Hasmeet Singh, apple.enforcement.amazon@corsearch.com.

51.     The rights-owner communication repeatedly stated: "We have a good faith belief that this item is infringing Apple's registered design (Lightning Connector Head - 684539) registered in USA."

52.     The notice identified the violation type as "DesignPatent" and assigned complaint number 20414525891.

COMPLAINT FOR DECLARATORY
JUDGMENT
Case No.: 5:26-cv-5485

53.     The notice warned that, absent required information or withdrawal of the complaint, the affected products would be removed.

54.     The notice further stated that deleting the ASIN listings would not be sufficient to resolve the issue or to remove it from Chenying's account health page.

55.     The ASINs identified in Chenying's records and in the Amazon notice include the following twenty unique ASINs: B0CQR8TSD1, B0GF7VTBX6, B0GF7H467T, B0BY2NZK9Y, B0CQM4G8G4, B0CFHHCMNS, B0BY2PYK1Y, B0CY2JJ4WS, B0CQM6C2FQ, B0G6JRKDJC, B0D6RHTT1M, B0FHBGBMLK, B0CQM6CF73, B0CFHHFTDG, B0GF7H8XDD, B0BY2RV75W, B0GF7L53YT, B0BYJRBPGB, B0CFHL4QJN, and B0GF83JMN6.

56.     The accused product names in the Amazon notice describe portable chargers and power banks with built-in cables, including products identified as "charmast" portable chargers or power banks compatible with iPhones, Samsung Galaxy devices, iPads, AirPods, Google Pixel devices, and other devices.

57.     Product photographs provided to counsel show portable charger and power bank products with integrated or built-in cable ends, including Lightning-compatible connector heads. Representative product photographs are attached hereto as Exhibit I.

58.     The Amazon notice identifies the asserted design as the alleged "Lightning Connector Head," and the photographs show representative products from multiple accused product families that include Lightning-compatible connector heads as part of portable charger or power bank products.

PAGE 10 OF 14

COMPLAINT FOR DECLARATORY
JUDGMENT
Case No.: 5:26-cv-5485

59.   Apple's complaint has impaired Chenying's ability to sell the accused products and has created an immediate controversy over whether those products infringe the D'539 patent and whether the D'539 patent is valid.

## COUNT I

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE D'539

## PATENT

60.   Chenying incorporates by reference paragraphs 1 through 58 as if fully set forth herein.

61.   Chenying has not infringed and does not infringe the D'539 patent.

62.   The D'539 patent is limited to the claimed ornamental design shown in solid lines and described in the patent. The broken-line portions form no part of the claim.

63.   To the extent Apple relies on the mere presence of a Lightning-compatible connector head, its assertion rests on functional connector features, not on protectable ornamental similarities.

64.   The features Apple appears to target—the thin connector-head profile, the insertion geometry, the contact arrangement, and the side contour features—are associated with mating, orientation, retention, and electrical contact, as confirmed by Apple's own utility patents.

65.   Such features cannot support a finding of design-patent infringement when they are asserted at the level of functional connector compatibility rather than protectable ornamentation.

66.   The accused products are portable chargers and power banks with built-in cables. Apple's accusation treats their Lightning-compatible connector heads as infringing solely because those heads serve the same connector function as Apple's asserted design.

COMPLAINT FOR DECLARATORY
JUDGMENT
Case No.: 5:26-cv-5485

67. Any similarities between the accused connector heads and the D'539 patent are dictated by, or substantially attributable to, the functional requirements of a Lightning-compatible connector head.

68. When the comparison is properly limited to the protectable ornamental features of the D'539 patent and excludes unprotectable functional connector features, an ordinary observer would not find that the accused products embody the claimed design.

69. Chenying is entitled to a declaration that the accused products, including the ASINs identified in Apple's Amazon complaint and in Chenying's records, do not infringe the D'539 patent.

## COUNT II

### DECLARATORY JUDGMENT OF INVALIDITY OF THE D'539 PATENT

70. Chenying incorporates by reference paragraphs 1 through 68 as if fully set forth herein.

71. The D'539 patent is invalid because the claimed design is dictated by function rather than by ornamentation.

72. A design patent protects only an ornamental design. It does not protect mechanical function, structure dictated by function, or connector geometry necessary to achieve a utilitarian result.

73. The D'539 patent claims a connector head. The features Apple now asserts include a thin rounded-rectangular plug profile, a contact arrangement, side contour features, and insertion-compatible geometry.

74. These features are not arbitrary ornamentation. They are tied to the utilitarian demands of a connector: mating with a corresponding receptacle, maintaining electrical contact,

COMPLAINT FOR DECLARATORY
JUDGMENT
Case No.: 5:26-cv-5485

fitting within a compact device architecture, enabling insertion and orientation compatibility, and allowing the connector to be retained and removed.

75.    Apple's own related utility applications, identified on the face of the D'539 patent and in its prosecution record, together with the issued patents corresponding to five of those applications, confirm that the asserted connector-head subject matter belongs to a functional engineering architecture. The application titles identified in the D'539 record—"Dual Orientation Electronic Connector," "Connector Architecture and Insertion Profile," "Retention Mechanism Device," "Techniques for Configuring Contacts of a Connector," "Plug Connector Modules," and "Connectors and Methods for Manufacturing Connectors"—and the functional disclosures in the issued patents among them describe these features as serving utilitarian purposes.

76.    The Patent Office did not substantively resolve the question of functionality during prosecution of the D'539 patent. The prosecution history reviewed by Chenying shows no functionality rejection, no applicant argument overcoming such a rejection, and no reasoned examiner analysis concluding that the solid-line connector-head features are ornamental rather than functional.

77.    To the extent any protectable ornamental aspect of the D'539 patent exists, the scope of that patent must be correspondingly narrow and cannot reach Chenying's products based on functional Lightning-compatible connector geometry.

78.    Chenying is entitled to a declaration that the D'539 patent is invalid or, in the alternative, that its scope is so narrow that it cannot be infringed by Chenying's functional, Lightning-compatible connector heads.

**PRAYER FOR RELIEF**

PAGE 13 OF 14

COMPLAINT FOR DECLARATORY
JUDGMENT
Case No.: 5:26-cv-5485

Chenying respectfully requests that the Court enter judgment in its favor and against Apple as follows:

A.    Declaring that Chenying has not infringed and does not infringe the D'539 patent;

B.    Declaring that the D'539 patent is invalid;

C.    Declaring that Apple's Amazon complaint against Chenying's identified ASINs is unsupported to the extent it is premised on infringement of a valid D'539 patent;

D.    Ordering Apple to withdraw, or cause the withdrawal of, its Amazon complaint bearing complaint number 20414525891 and concerning the ASINs identified above;

E.    Awarding Chenying its costs and, if warranted, its attorneys' fees under 35 U.S.C. § 285;

F.    Awarding such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Chenying demands a trial by jury on all issues so triable.

Date: June 8, 2026

/s/ Jie Li
Jie Li, Esq. (SBN 354432)
251 South Lake Avenue, Suite 910
Pasadena, CA 91101
Telephone: (626) 750-0040
Email: jie.li@glacier.law

Tao Liu, Esq. (pro hac vice forthcoming)
41 Madison Avenue, Suite 2529
New York, NY 10010
Telephone: (212) 937-9999
Email: tao.liu@glacier.law

Attorneys for Plaintiff
Shenzhen Chenying Technology Co., Ltd.

COMPLAINT FOR DECLARATORY
JUDGMENT
Case No.: 5:26-cv-5485